Carol Golding, Respondent, *v.* Renee Mauss et al., Appellants.

First Department, November 6, 1969.

*William F. McNulty* of counsel (*Daniel J. Coughlin*, attorney), for appellants.

*Isadore B. Hurwitz* of counsel (*Solomon Feldman*, attorney), for respondent.

STEUER, J. The factors which determine the liability of a homeowner to a social guest are the presence of a dangerous condition which is known to the owner and which is not of a character that is likely to be discovered (*Wilder* v. *Ayers*, 2 A D 2d 354, 356, affd. 3 N Y 2d 725). The elements which distinguish the duty from that owed to an invitee is the actual knowledge, as distinct from what the defendant should have known, not only of the condition but of the danger attendant upon that condition (*Schlaks* v. *Schlaks*, 17 A D 2d 153). And the condition itself must be one that is hidden or concealed. Conditions in this respect which might well support a claim by an invitee will not suffice for a licensee (*Krause* v. *Alper*, 4 N Y 2d 518; *De Milio* v. *De Milio*, 24 A D 2d 447). A slippery condition of a floor is always a potential source of danger and that fact is generally known to all, including householders. But even a condition which imports unusual slipperiness does not impose liability on a licensee (*Traub* v. *Liekefet*, 2 A D 2d 22, affd. 4 N Y 2d 747). And this is so despite the fact that the social visitor would hardly realize the danger.

Even should the facts here be held to call for warning to a stranger, plaintiff was not exactly in that position. She was the fiancee of the owners' son. As such she had visited the house and been in the room where she fell on an indefinite number of prior occasions. And a comparison of the times that the floor was in the condition complained of and the period of her prior visits leads to the inevitable conclusion that she must have been there while it was in the same condition in which it was on the day of the accident.

The expression frequently found in the cases is that a social visitor is entitled to no greater protection than a member of the family (see *Dragon* v. *Adams*, 18 A D 2d 1120). Could it with any seriousness be said that defendants' son, who accompanied

plaintiff on that occasion as on her prior visits, was entitled to warning of the condition?

Lastly, the manner in which the vital elements of plaintiff's case were established makes it so highly suspect that a new trial would be required. The evidence came from a defendant, plaintiff's mother-in-law, who was a voluntary witness for plaintiff and who testified to whatever was thought necessary to establish a case, whether or not it directly contradicted a written statement that she gave before she was so well informed on these subjects.

We have recently had occasion to rule on the degree of proof necessary to establish liability in regard to floor waxing in an action brought by an invitee (*Silva* v. *American Irving Sav. Bank*, 31 A D 2d 620). According to the tests therein laid down, there was no negligence. It is difficult to imagine a superior obligation to a licensee.

The determination of the Appellate Term and the judgment of the Civil Court should be reversed on the law and the complaint dismissed, on the law, with costs and disbursements.

STEVENS, P. J. (dissenting). I dissent and vote to affirm. Defendants were aware of the existence of the condition which defendants considered dangerous and tried unsuccessfully to have remedied. The condition existed for approximately two weeks prior to the accident. Plaintiff testified she had been in the defendants' home about a month before the accident. Plaintiff could not therefore have known of the existence of the condition. Though defendants greeted plaintiff on her arrival at the house on the day of the accident, they failed to warn plaintiff of the danger. There is no evidence that such condition was readily apparent upon observation. The case was submitted to the jury under instructions to which no exceptions were taken, and the jury by its verdict in favor of the plaintiff resolved the various issues in plaintiff's favor. That verdict should not now be disturbed since there was sufficient evidence to warrant submission.

The real question in *Wilder* v. *Ayers* (2 A D 2d 354, affd. 3 N Y 2d 725) cited by the majority, was whether plaintiff by virtue of a certain request made to him by defendant, ceased to be a social guest and become an invitee. And in *Schlaks* v. *Schlaks* (17 A D 2d 153) there was no evidence that defendant was aware of the existence of the dangerous condition.

EAGER and McGIVERN, JJ., concur with STEUER, J.; STEVENS, P. J., dissents in opinion in which TILZER, J., concurs.

Determination entered on April 8, 1969, and judgment of Civil Court entered on June 12, 1968, reversed, on the law, and the complaint dismissed, on the law, with $50 costs and disbursements to the appellants.